

Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print |

GrantedPublicAccess  Logoff ERIN_SALFEN

**2211-CC00493 - THOMAS HAYDEN V NAPLETON MID RIVERS IMPORTS ET AL (E-CASE)**

FV  File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ● Descending   ○ Ascending        Display Options: All Entries

---

**06/16/2022**   ☐ **Agent Served**
Document ID - 22-SMCC-1036; Served To - null NAPLETON'S MID RIVERS MOTORS INC; Served Date - 06/09/2022; Served Time - 10:28:00; Service Type - SP; Reason Description - SERV; Service Text -

**06/14/2022**   ☐ **Corporation Served**
Document ID - 22-SMCC-1037; Served To - KIA MOTORS AMERICA INC; Server - ST LOUIS COUNTY SHERIFF; Served Date - 13-JUN-22; Served Time - 09:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SERVED TO KIA MOTORS AMERICA INC C/O J. ELKINS, INTAKE SPECIALIST

☐ **Notice of Service**
22-SMCC-1037; Electronic Filing Certificate of Service.

**05/31/2022**   ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-1037, for KIA MOTORS AMERICA INC. ALL SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. AMG

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-1036, for NAPLETON'S MID RIVERS MOTORS INC.

☐ **Filing Info Sheet eFiling**
   **Filed By:** MEGEN I HOFFMAN

☐ **Pet Filed in Circuit Ct**
Petition.
   **Filed By:** MEGEN I HOFFMAN
   **On Behalf Of:** THOMAS HAYDEN

☐ **Judge Assigned**

---

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

THOMAS HAYDEN, )
)
)
Plaintiff, )
) Cause No.:
)
v. ) Division No.:
)
) JURY TRIAL DEMANDED
NAPLETON MID RIVERS IMPORTS, )
INC. d/b/a Napleton's Mid Rivers Kia, )
)
)
Serve at: )
Brydon Registered Agent, Inc. )
312 E Capitol Ave )
Jefferson City, MO 65101 )
)
AND )
)
KIA MOTORS AMERICA, INC., )
)
Serve at: )
)
THE CORPORATION COMPANY )
120 South Central Avenue )
Suite 400 )
Clayton, MO 63105 )
)
Defendants. )

### PETITION

COMES NOW Thomas Hayden, by and through counsel, and for his Petition against Defendant Napleton Mid Rivers Imports, Inc., d/b/a Napleton's Mid Rivers Kia, and Kia Motors American, Inc., states as follows.

### PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff is and was a United States citizen, over the age of eighteen (18).

1

2. At all times relevant hereto, Defendant Napleton Mid Rivers Imports, Inc. is and was a foreign corporation, doing business as Napleton's Mid Rivers Kia ("Napleton"). Napleton is and was at all times relevant hereto an authorized Kia dealer, who also operates a mechanic shop.

3. At all times relevant hereto, Defendant Kia Motors America, Inc. ("Kia") is and was a foreign corporation, operating and doing business in the State of Missouri. At all times relevant hereto, Kia was in the business of designing, manufacturing, marketing, testing, and otherwise distributing automobiles.

4. Venue is proper in this Court pursuant to §508.010(4) RSMo, as Plaintiff was first injured and the acts and occurrences giving rise to this cause of action occurred in St. Charles County, State of Missouri.

5. Plaintiff's damages exceed the jurisdictional requirement of $25,000.00, and thus jurisdiction is proper in this Court.

## COMMON FACTUAL ALLEGATIONS

6. Plaintiff does hereby incorporate by reference each allegation contained in Paragraphs 1-5, as if fully set forth herein.

7. On December 30, 2016, Plaintiff purchased a Kia Soul from Carmax.

8. In January of 2021, Plaintiff and his wife noticed that the vehicle's oil levels became extremely low between oil changes despite having the oil changed more frequently than the manufacturer recommended.

9. Plaintiff's wife took the vehicle to Napleton, a licensed Kia dealership, on February 2, 2021 for a diagnostic test to determine the cause of the issue with the oil,.

10. The service manager at Napleton suggested performing an oil consumption test,

2

and told Plaintiff's wife that as long as the oil consumption test showed the engine to be consuming oil, Kia, the manufacturer, would approve the replacement of the engine, since the vehicle was under 150,000 miles.

11. An oil consumption test was performed by Napleton on February 2, 2021, and Plaintiff's wife was instructed to drive the vehicle for 1,000 miles and to return for another oil consumption test.

12. After driving the vehicle for 1,000 miles, another oil consumption test was conducted on the engine by Napleton on February 18, 2022.

13. After driving the vehicle for another 1,000 miles, another oil consumption test was performed by Napleton on March 8, 2021.

14. On March 24, 2021, Napleton checked the oil and topped it off. Plaintiff's wife asked the service manager, a Napleton employee, what would happen next, since they had already performed three (3) oil consumption tests.

15. The service manager instructed her to drive the vehicle another 1,000 miles and to bring it back again.

16. On May 24, 2021 Plaintiff's wife brought the vehicle to Napleton for another oil consumption test. Plaintiff asked the Napleton employee, Logan, how many more times she would have to come back for these tests.

17. Logan told Plaintiff's wife, "until it blows or locks up," referring to the engine.

18. Plaintiff's wife stated that did not sound safe, but Logan assured her, "it's safe" stating that the car would not come to a sudden stop and she would have time to pull over.

19. On May 21, 2021, Plaintiff and his wife again took the vehicle to Napleton for an oil consumption test. Logan and the service manager informed Plaintiff and his wife that they

3

needed to drive the vehicle until it "blows up", as Kia is aware of the issues with the engine and have replaced other engines with the same problems when they blow or lock up.

20. On July 19, 2021, while Plaintiff was operating the vehicle, the engine caught fire.

21. Plaintiff stopped his vehicle and attempted to put out the fire with a towel, and in the process, suffered significant second and third degree burns on his hands when a piece of plastic from inside the engine fell onto his hands.

22. On July 20, 2021, Plaintiff and his wife had the vehicle towed to Napleton.

23. Logan at Napleton informed Plaintiff and his wife that they could now get approval for a new engine from Kia, and he showed them approximately ten (10) other customer folders that were also waiting on new engines from Kia.

24. On multiple occasions, Napleton employees told Plaintiff and his wife that the oil consumption issues happen all the time with the Kia Soul, and showed them customer folders they said were waiting for Kia to approve for engine replacement.

25. After repairing the engine, Napleton failed to tighten the subframe bolt which holds the engine in place. As a result, Plaintiff had to take the vehicle to another mechanic to ensure the work done by Defendant on the engine had been done properly.

### COUNT I-STRICT LIABILITY-DEFECTIVE PRODUCT AGAINST DEFENDANT KIA

26. Plaintiff does hereby incorporate by reference each allegation contained in Paragraphs 1-25, as if fully set forth herein.

27. Kia manufactured, designed, produced, tested, sold, warranted, and/or placed into the stream of commerce a defective and unreasonably dangerous product, namely the Kia Soul that Plaintiff was operating on July 19, 2021.

4

28. The vehicle manufactured by Kia, at the time it was sold to Plaintiff was in a defective condition, unreasonably dangerous when put to a reasonably anticipated use.

29. The vehicle was used in a manner reasonably anticipated by Plaintiff.

30. The defective condition as existed when the Kia was sold to Plaintiff directly caused or directly contributed to cause injuries and damages to Plaintiff as herein pleaded.

31. As a direct and proximate result of the defective condition that existed when the Kia was sold, Plaintiff was injured and suffered damage, including, but not limited to injury to his hands and arms.

32. As a further direct and proximate result of Defendants' actions, Plaintiff has been made to suffer lost wages and pain and suffering, as well as additional expenses.

WHEREFORE, Plaintiff respectfully request this Court enter a monetary judgment in his favor and against Defendant Kia in an amount which meets the jurisdictional authority of this Court. Plaintiff further asks for his reasonable costs of court as against Defendants Kia and Napleton, and for such further orders as this Court deems just and proper under the facts and circumstances of this case.

## COUNT II
## NEGLIGENCE (KIA)

33. Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-32, as if fully set forth herein.

34. At all relevant times, Defendant Kia owed to the general public, including Plaintiff, a duty to design, manufacture, and market only such products as were not defective and not unreasonably dangerous to use.

35. Defendant Kia breached its duty to Plaintiff by manufacturing and marketing the Kia Soul in a defective and unreasonably dangerous condition, as set forth in Count I.

36. Defendant Kia failed to exercise reasonable care in the manufacture and design of the Kia Soul and Napleton placed the defective and unreasonably dangerous Kia Soul into the stream of commerce.

37. Defendant Kia negligently failed to warn of the potential dangers posed to consumers, namely Plaintiff, in continuing to drive the vehicle.

38. At all times relevant hereto, Kia knew or should have known, by the use of ordinary care, of the above described dangerous conditions of the Kia Soul, and at all times relevant hereto, Plaintiff was not aware of these dangerous conditions, and by using ordinary care, could not have known, of such dangerous conditions.

39. As a direct and proximate result of the defective condition that existed when the Kia was sold, Plaintiff was injured and suffered damage, including, but not limited to injury to his hands and arms.

40. As a further direct and proximate result of Defendants' actions, Plaintiff has been made to suffer lost wages and pain and suffering, as well as additional expenses.

WHEREFORE, Plaintiff respectfully request this Court enter a monetary judgment in his favor and against Defendant Kia in an amount which meets the jurisdictional authority of this Court. Plaintiff further asks for his reasonable costs of court as against Defendant Kia and for such further orders as this Court deems just and proper under the facts and circumstances of this case.

## COUNT III
## BREACH OF WARRANTY (KIA)

41.    Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-40, as if fully set forth herein.

42.    At all times relevant hereto, Kia was a "merchant" in the business of supplying "goods."

43.    The vehicle involved in this case is a "product" sold for consumer usage.

44.    Kia breached the warranties of merchantability and fitness of a particular purpose in that the vehicle was not fit for ordinary use or for the intended use for which it was purchased.

45.    These breaches of warranty proximately resulted in the accident, injuries, and damages suffered by Plaintiff.

46.    As a direct and proximate result of the defective condition that existed when the Kia was sold, Plaintiff was injured and suffered damage, including, but not limited to injury to his hands and arms.

47.    As a further direct and proximate result of Defendant's actions, Plaintiff has been made to suffer lost wages and pain and suffering, as well as additional expenses.

WHEREFORE, Plaintiff respectfully request this Court enter a monetary judgment in his favor and against Defendant Kia in an amount which meets the jurisdictional authority of this Court. Plaintiff further asks for his reasonable costs of court as against Defendant Kia and for such further orders as this Court deems just and proper under the facts and circumstances of this case.

## COUNT VI
## RES IPSA LOQUITOR (NAPLETON)

48. Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-47, as if fully set forth herein.

49. At all times relevant hereto, Napleton was a licensed Kia dealer, authorized to perform mechanical repairs on Kia vehicles.

50. Defendant Napleton repeatedly instructed Plaintiff and his wife to drive the vehicle "until it blows", instead of repairing and/or replacing the engine, falsely claiming that doing so was "safe."

51. As a result of the instructions of Defendant Napleton, Plaintiff and his wife continued to drive the Kia in an unsafe condition, which ultimately resulted in the engine exploding and causing Plaintiff injury.

52. The incident causing Plaintiff's injury is the kind which ordinarily occurs due to someone's negligence.

53. At all times relevant hereto, the instrumentality, namely the Kia, was under Defendant Napelton's management and control, in that it had a right to control the instrumentality, as it had previously performed oil consumption tests on the vehicle, most recently on May 21, 2021.

54. Defendant Napleton has superior knowledge and/or access to information regarding the cause of the engine exploding.

55. Based on the foregoing, it can be inferred that Defendant Napleton's failure to exercise reasonable care caused the explosion of the engine, which thereby injured Plaintiff.

56. As a result of Defendant Napleton's failure to exercise reasonable care, Plaintiff suffered injury, including burns to his hands and arms, as well as lost wages, and pain and

Electronically Filed - St Charles Circuit Div - May 31, 2022 - 09:19 AM

suffering.

WHEREFORE, Plaintiff respectfully request this Court enter a monetary judgment in his favor and against Defendant Napleton in an amount which meets the jurisdictional authority of this Court. Plaintiff further asks for his reasonable costs of court as against Defendant Napleton and for such further orders as this Court deems just and proper under the facts and circumstances of this case.

## COUNT V
## NEGLIGENCE (NAPLETON)

57. Plaintiff does hereby incorporate by reference each and every allegation contained in Paragraphs 1-56, as if fully set forth herein.

58. In the time leading up to the accident alleged in the Petition, Plaintiff and/or his wife brought the Kia Soul to Defendant Napleton to have the oil consumption tested on multiple occasions.

59. Defendant Napleton, individually and/or by through its employees, servants, and/or agent was negligent in the following respects:

    a. Defendant Napleton instructed Plaintiff to continue to operate the Kia, despite knowing that doing so was unsafe, due to the issues with the engine's oil consumption;

    b. Defendant Napleton failed to inform Plaintiff of the potential consequences of continuing to drive the Kia with the issues it was experiencing with oil consumption.

    c. Defendant Napleton failed to replace the engine in the Kia, despite knowing the engine was defective.

60. As a direct and proximate result of the negligence of Defendant Napleton, Plaintiff was caused to suffer severe injury to his hands and arms.

61.     As a further direct and proximate result of Defendant's actions, Plaintiff has been made to suffer lost wages and pain and suffering, as well as additional expenses.

WHEREFORE, Plaintiff respectfully request this Court enter a monetary judgment in his favor and against Defendant Napleton in an amount which meets the jurisdictional authority of this Court. Plaintiff further asks for his reasonable costs of court as against Defendant Napleton and for such further orders as this Court deems just and proper under the facts and circumstances of this case.

Respectfully Submitted,

LAW OFFICES OF RICK BARRY, P.C.

By:    /s/ Megen I. Hoffman
       RICK BARRY, MBE # 25592
       MEGEN I. HOFFMAN, MBE#58772
       Attorneys for Plaintiff
       1034 S. Brentwood Blvd., Suite 1301
       St. Louis, MO 63117
       Phone: (314)918-8900
       Fax: (314)918-8901
       rickbarry@rickbarrypc.com
       megens@rickbarrypc.com



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number: 2211-CC00493 |
|---|---|
| Plaintiff/Petitioner:<br>THOMAS HAYDEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MEGEN I HOFFMAN<br>1034 S Brentwood Bvd<br>Suite 1301<br>ST LOUIS, MO  63117 |
| Defendant/Respondent:<br> NAPLETON'S MID RIVERS MOTORS INC<br>DBA:   NAPLETONS MID RIVERS KIA | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  KIA MOTORS AMERICA INC
**Alias:**
**120 SOUTH CENTRAL AVENUE**
**R/A THE CORPORATION COMPANY**
**CLAYTON, MO  63105**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

____5/31/2022____    ____/S/  Cheryl Crowder____
Date                  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____    _____
                        Date                          Notary Public

**Sheriff's Fees, if applicable**
Summons                     $_____
Non Est                     $_____
Sheriff's Deputy Salary
Supplemental Surcharge      $____10.00_____
Mileage                     $_____ (_____ miles @ $._____ per mile)
**Total**                   $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

SB
6·30

| Judge or Division:<br>DANIEL G PELIKAN | Case Number: 2211-CC00493 |
|---|---|
| Plaintiff/Petitioner:<br>THOMAS HAYDEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MEGEN I HOFFMAN<br>1034 S Brentwood Blvd<br>Suite 1301<br>ST LOUIS, MO 63117 |
| Defendant/Respondent:<br>NAPLETON'S MID RIVERS MOTORS INC<br>DBA: NAPLETONS MID RIVERS KIA | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: KIA MOTORS AMERICA INC
Alias: 30 CTCOP VW

120 SOUTH CENTRAL AVENUE
R/A THE CORPORATION COMPANY
CLAYTON, MO 63105

**COURT SEAL OF**
ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

5/31/2022 /S/ Cheryl Crowder
Date — Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and petition to: LCO J. Elkins (name) **INTAKE SPECIALIST** (title).
☐ other: _____

Served at THE CORPORATION CO. (address)
in St. Louis County (County/City of St. Louis), MO, on JUN 13 2022 (date) at 9 AM (time).

Tiffany Moon
Printed Name of Sheriff or Server — Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date)
(Seal)
My commission expires: _____
Date — Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

22-SMCC-4960

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-1037 1 of 1 (2211-CC00493) Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Charles Circuit Div - June 14, 2022 - 04:20 PM



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number: 2211-CC00493 |
|---|---|
| Plaintiff/Petitioner:<br>THOMAS HAYDEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MEGEN I HOFFMAN<br>1034 S Brentwood Blvd<br>Suite 1301<br>ST LOUIS, MO 63117 |
| Defendant/Respondent:<br>NAPLETON'S MID RIVERS MOTORS INC<br>DBA: NAPLETONS MID RIVERS KIA | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

**RECEIVED** JUN 06 2022 COLE COUNTY SHERIFF'S OFFICE

**FILED** JUN 15 2022 (Date File Stamp)

CIRCUIT CLERK ST. CHARLES CO.

## Summons in Civil Case

**The State of Missouri to:** NAPLETON'S MID RIVERS MOTORS INC
Alias:
DBA: NAPLETONS MID RIVERS KIA

R/A BRYDON REGISTERED AGENT
312 E. CAPITOL AVE
JEFFERSON CITY, MO 65102

COURT SEAL OF
ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

5/31/2022                        /S/ Cheryl Crowder
Date                             Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and petition to: S. Bates (name) Designee (title).
☐ other: _____.

Served at 312 E. Capitol (address)
in Cole (County/City of St. Louis), MO, on 6.9.22 (date) at 10:28am (time).

Sheriff John Wheeler    by    Dep Hutton 36
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)
My commission expires: _____    _____
                        Date         Notary Public

**Sheriff's Fees, if applicable**
Summons         $_____
Non Est         $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $ 10.00
Mileage         $_____ (_____ miles @ $_____ per mile)
**Total**       $_____

$17.68

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-1036  1 of 1 (2211-CC00493)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DANIEL G PELIKAN | Case Number: 2211-CC00493 |
|---|---|
| Plaintiff/Petitioner:<br>THOMAS HAYDEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MEGEN I HOFFMAN<br>1034 S Brentwood Bvd<br>Suite 1301<br>ST LOUIS, MO  63117 |
| Defendant/Respondent:<br> NAPLETON'S MID RIVERS MOTORS INC<br>DBA:   NAPLETONS MID RIVERS KIA | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** NAPLETON'S MID RIVERS MOTORS INC
**Alias:**
**DBA:** NAPLETONS MID RIVERS KIA

R/A BRYDON REGISTERED AGENT
312 E. CAPITOL AVE
JEFFERSON CITY, MO  65102

*COURT SEAL OF*

*ST. CHARLES COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

5/31/2022                                        /S/  Cheryl Crowder
Date                                                  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____    _____
                                        Date                              Notary Public

**Sheriff's Fees, if applicable**
Summons                                    $_____
Non Est                                       $_____
Sheriff's Deputy Salary
Supplemental Surcharge     $    10.00
Mileage                                      $_____ (_____ miles @ $._____ per mile)
**Total**                                       $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 22-SMCC-1036** 1 of 1 (2211-CC00493)     Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo